IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-691 |
| | : | |
| CHRISTIAN MATTHEW MANLEY | : | |

**DEFENDANT'S MOTION FOR A DETENTION HEARING**

Defendant Christian Matthew Manley respectfully requests a detention hearing in the District of Columbia. Notwithstanding the magistrate judge's initial detention determination during pre-removal proceedings in the arresting district, Mr. Manley is entitled to a detention hearing in the District of Columbia pursuant to the Bail Reform Act, 18 U.S.C. § 3142.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law, Defendant Christian Matthew Manley respectfully moves the Court to grant his Motion and order that a detention hearing be held.

Respectfully submitted,

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-691 |
| | : | |
| CHRISTIAN MATTHEW MANLEY | : | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR A DETENTION HEARING**

On October 21, 2021, Defendant Christian Matthew Manley waived an identity hearing and his right to a preliminary hearing before the Honorable Matthew M. Scoble, a magistrate judge for the United States District Court for the District of Alaska. *See* Minutes of the United States District Court, attached hereto as Exhibit A. Judge Scoble then ordered that Mr. Manley be remanded to the custody of the U.S. Marshal to be transported to the District of Columbia to answer to the charges in the Complaint. *See id*. at 2. Having been so transferred, Mr. Manley is now entitled to a bail hearing in the District of Columbia.

The October 21, 2021, hearing in the District of Alaska was a pre-removal hearing. Judge Scoble decided that Mr. Manley would be detained pending his return to the District of Columbia, where the charges against him originated. *See United States v. Altamirano-Nunez*, No. 07-100, 2007 WL 2783161, at *1 (D.R.I. Sept. 21, 2007) ("a removal hearing may precede a detention hearing, leaving the latter normally to occur in the district of prosecution after removal") (quoting *United States v. Melendez–Carrion*, 790 F.2d 984, 990 (2nd Cir. 1986)). As such, that hearing did not take the place of, obviate the need for, or dictate the outcome of a detention hearing conducted in this jurisdiction pursuant to the Bail Reform Act. *See id.*

2

By way of example, in *United States v. Peter Fratus*, No. 20-MJ-4109 (D. Ma.), No. 20-1000 (E.D.P.A.), on June 19, 2020, Mr. Fratus had an initial appearance before a magistrate judge in the District of Massachusetts, where he was arrested. *See* Criminal Docket No. 20-mj-4109, attached hereto as Exhibit B. At that time, the government moved for detention and Mr. Fratus argued for release. *See id.* The magistrate judge ordered Mr. Fratus remanded to the custody of the United States Marshals Service and ordered removed to the Eastern District of Pennsylvania. *See id.*; Rule 5 Order of Removal, attached hereto as Exhibit C. Following Mr. Fratus's transfer, on August 18, 2020, the Honorable Lynne A. Sitarski, magistrate judge in the Eastern District of Pennsylvania, held a detention hearing and ordered Mr. Fratus detained pending further proceedings. *See* Criminal Docket No. 20-mj-1000, attached hereto as Exhibit D. Thus, notwithstanding the initial detention decision in Massachusetts, Mr. Fratus was entitled to a detention hearing pursuant to the Bail Reform Act in the Eastern District of Pennsylvania, the district of prosecution.

Even if the magistrate judge in the District of Alaska conducted a hearing pursuant to 18 U.S.C. § 3142, as opposed to a pre-removal hearing, the Bail Reform Act contemplates modification of a detention order. Most relevant here, § 3145(b) provides:

> **Review of a detention order.**—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In this case, the District of Columbia is the "original jurisdiction," as it is the district where the indictment was returned and in which the prosecution is pending. *See United States v. Cannon*, 711 F. Supp. 2d 602, 606 (E.D. Va. 2010) (quoting *United States v. El-Edwy*, 272 F.3d 149, 154 (2d Cir. 2001)). Because Mr. Manley was arrested and ordered

3

detained in the District of Alaska, a district other than the district in which the charges are pending against him, the magistrate judge in the District of Alaska is "a person other than a judge of a court having original jurisdiction over the offense." *Id.* (quoting § 3145(b)). Therefore, Mr. Manley is entitled to seek revocation or amendment of the detention order in this Court. *See id.* (holding defendant could seek revocation or amendment of detention order pursuant to § 3145(b)).[1]

Other courts have similarly found that a judge in the prosecuting district has the authority to make a bail determination, notwithstanding a bail determination in the district of arrest. *See, e.g.*, *United States v. Savader*, 944 F. Supp. 2d 209, 213 (E.D.N.Y. 2013) ("Case law unambiguously provides that greater deference must be given to detention determinations in the charging district, and, conversely, far less weight should be accorded to determinations rendered in the district of arrest."); *United States v. Altamirano-Nunez*, No. 07-100, 2007 WL 2783161, at *1 (D.R.I. Sept. 21, 2007) ("[T]he Magistrate Judge here was well within his discretion to alter and even revoke the conditions imposed by the magistrate in the arresting jurisdiction." (citing *United States v. Byrd,* 969 F.2d 106, 110 (5th Cir.1992)); *cf. United States v. Godines-Lupian*, 816 F. Supp. 2d 126, 128 (D.P.R. 2011) ("It is . . . the district court where the prosecution is pending, rather than that of the arrest, that has the statutory authority to review a magistrate judge's release or detention order.").

---

[1] The standard of review for a court reviewing a detention order under 18 U.S.C. § 3145 is *de novo*. *Cannon*, 711 F. Supp. 2d at 607 n.4 (citing *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003) ("The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."); *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir.1992) ("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release.")).

Those decisions make sense. Although Mr. Manley may have been entitled to a bail hearing in the district of arrest, *see Savader*, 944 F. Supp. 2d at 213, that initial determination to detain or conditionally release a defendant is "designed to insure the person's appearance in the district where he is wanted-the district where the prosecution is pending [which] has the primary interest in securing his appearance," *id.* (alteration in original). Once a defendant is transferred to the district of prosecution, which has "better access to other information that is pertinent to release or detention under § 3142(g), such as the nature and circumstances of the offense, and the weight of the evidence against the defendant," a judge can determine whether to detain or release the defendant pursuant to the Bail Reform Act. *Id.*

Accordingly, Mr. Manley respectfully requests that the Court grant his Motion and order a detention be held pursuant to the Bail Reform Act.


Respectfully submitted,


*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

**CERTIFICATE OF SERVICE**

I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the Defendant's Motion for a Detention Hearing to be served by Electronic Case Filing ("ECF") upon Robert Juman, Assistant United States Attorney, United States Attorney's Office, 555 4th St., NW, Washington, DC 20530.

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

DATE:   December 20, 2021