**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case Number 21-CR-691-TSC** |
| **CHRISTIAN MATTHEW MANLEY,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR A DETENTION HEARING**
**BEFORE A MAGISTRATE JUDGE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to the defendant's motion for a detention hearing before a magistrate judge dated December 20, 2021 (DE 10). Simply put, Defendant elected to have his detention hearing in the District of Alaska. Having done so, Defendant is not entitled to a second detention hearing before a magistrate judge in this district. Defendant's only avenue for contesting the detention order is to seek review by Judge Chutkan, the District Judge assigned to the case.

**Procedural History**

On October 15, 2021, the District Court for the District of Columbia issued an arrest warrant charging defendant Christian Matthew Manley with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury in violation of 18 U.S.C. § 111(a)(1) and (b); Civil Disorder, in violation of 18 U.S.C. § 231; Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); two misdemeanor violations of 18 U.S.C. § 1752; and two misdemeanor violations of 40 U.S.C. § 5104 (DE 1). These charges stemmed from his actions on January 6,

1

2021, during the timeframe a joint session of the United States Congress had convened to certify the vote count of the Electoral College of the 2020 Presidential Election.

The same day, Defendant was arrested in the District of Alaska (DE 5).

On October 21, 2021, Defendant appeared before U.S. Magistrate Judge Matthew M. Scoble.  At that time, Defendant waived an identity hearing.  (DE 10, Exhibit A, at 1).  A full detention hearing was conducted, after which Magistrate Judge Scoble ordered Defendant detained "pending trial," finding by clear and convincing evidence that no combination of release conditions would reasonably assure the safety of the community or would reasonably assure Defendant's appearance as required.  *See* Exhibit 1 (Detention Order), at 2.

On November 19, 2021, a federal grand jury in the District of Columbia returned an eight-count indictment charging Defendant with felony obstruction of law enforcement during a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count 1); Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1) (Count 2); Assaulting Certain Officers and Using a Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) (Count 3), three felony counts relating to disorderly conduct and violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752 (Counts 4-6), and two misdemeanor counts relating to disorderly conduct and violence in a Capitol Building or Grounds in violation of 40 U.S.C. § 5104(e)(2) (Counts 7-8) (DE 6).

On December 20, 2021, Defendant filed the instant motion (DE 10) seeking a second detention hearing by a magistrate judge in this District.

## **Argument**

Having had a detention hearing in the district of his arrest, Defendant now seeks a new detention hearing before a magistrate judge in this district.  This is unsupported by the case law

and inconsistent with the Bail Reform Act.

In *United States v. Cannon*, 711 F.Supp. 2d 602 (E.D.Va. 2010), the defendant was indicted in the Eastern District of Virginia but arrested in Texas. He appeared in the Southern District of Texas where a detention hearing was held, and he was ordered detained by a district judge. At his first appearance in the Eastern District of Virginia, the defendant moved for a detention hearing before the magistrate judge. In denying the motion, the court held that the Bail Reform Act contemplates that a defendant will get a maximum of two detention hearings, or "two bites at the apple." *Id* at 607. At a defendant's initial appearance, the presiding judge must decide whether to release or detain the defendant pending trial in accordance with 18 U.S.C. § 3142. This detention hearing is the defendant's "first bite at the apple." *Id.*

The court then noted that under the Bail Reform Act, the initial detention decision can be reviewed only under two circumstances. First, under 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue." By its terms, this section provides for the reconsideration of a detention order only by the same judicial officer that conducted the original detention hearing, and only when there is new evidence that is material to the detention decision. *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003); *see also United States v. Luisa,* 266 F.Supp.2d 440, 447 n. 3 (W.D.N.C.2003) (finding that Section 3142(f) applies only "when an order of detention is 'reopened' before the same judicial officer who made the initial determination").

The court next observed that the only other way a defendant can obtain review of a detention decision is under 18 U.S.C. § 3145(b), which states that "if a person is ordered detained

by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  As used in Section 3145(b), "the court having original jurisdiction over the offense" means the court in the district where the prosecution is pending.  *See United States v. El-Edwy*, 272 F.3d 149, 154 (2d. Cir 2001).  But crucially, the court went on to hold that "the court having original jurisdiction over the offense" refers to the *district judge* in the charging district, not *a magistrate judge* in the charging district.  *See Cannon*, 711 F.Supp. 2d at 607-608.  *See also Cisneros*, 328 F.3d at 615 ("It is clear from the wording of Section 3145(a) that 'a court having original jurisdiction over the offense' must be interpreted as the district judge assigned to the case.").

The court noted that this was a necessary result, because otherwise, unlike defendants arrested in the charging district, a defendant detained in the arresting district would essentially be getting "three bites at the apple" rather than the "two bites" contemplated by the Bail Reform Act. The court observed that if Congress had intended to provide this additional benefit to defendants who happened to be arrested outside the charging district, "the Bail Reform Act would provide as much." *Id.* at 608.

Similarly, in *United States v. Johnson*, 858 F. Supp. 119 (N.D. Ind. 1994), the defendant was indicted in the Northern District of Indiana, but arrested in Minnesota.  In Minnesota, the defendant appeared before a U.S. Magistrate Judge and a detention hearing was held.  After the hearing, the court declined to detain the defendant, and the government appealed to a magistrate judge in the charging district, the Northern District of Indiana.  The magistrate judge in the Northern District of Indiana held that this was an improper procedure for reviewing the detention order in the arresting district.  The court stated that while Section 3145(a) authorizes a district

4

judge to review a decision made by magistrate judges, "it does not confer the same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district." *Id.* at 122.

In this case, the District of Columbia is "the court having original jurisdiction over the offense" because this is where the indictment was returned and where the prosecution is pending. Defendant chose to have his detention hearing before Magistrate Judge Scoble in the District of Alaska and was detained. Accordingly, Magistrate Judge Scoble is "a person other than a judge of a court having original jurisdiction over the offense." Defendant therefore may file a motion for revocation or amendment of Magistrate Judge Scoble's detention order in the District of Columbia, pursuant to 18 U.S.C. § 3145(b).[1] But such a motion can only be heard by Judge Chutkan, who is the District Judge assigned to this case. There is no basis for a second detention hearing before a magistrate judge of this district, which could then be appealed to the district court for a "third bite." Indeed, if Defendant were correct, the District of Columbia would be flooded with second detention hearings, especially given the number of Capitol Riot defendants who have been detained by magistrate judges in the arresting districts. But Defendant has not cited a single instance of a defendant receiving a second detention hearing before a magistrate judge in the District of Columbia.

Nothing in Defendant's motion warrants a different result. While Defendant describes it as a "pre-removal" hearing, Defendant in fact had a full detention hearing in the District of Alaska. Contrary to Defendant's characterization, Magistrate Judge Scoble's order was not that Defendant be detained "pending his return to the District of Columbia" (DE 10, at 3), but rather that Defendant

---

[1] In this case, Defendant does not offer any new evidence, and is not seeking reconsideration by Magistrate Judge Scoble. Accordingly, Section 3142(f) is not applicable.

be detained "pending trial" Exhibit 1, at 2.

Defendant's reliance on *U.S. v. Altamiro-Nunez*, 2007 WL 2783161 (D.R.I. Sept. 21, 2007) is misplaced. In that case, the defendant was "authorized by the Magistrate Judge in the arresting jurisdiction to travel to his Detention Hearing" in the charging jurisdiction. *Id.* at *1. In other words, the defendant did not have a detention hearing in the arresting district – just one in the charging district. Thus, *Altamiro-Nunez* is consistent with the idea that a defendant is entitled to only one detention hearing before a magistrate judge. Defendant in this case could have chosen to have his detention hearing in the charging district – many defendants do. But because he chose to have his detention hearing in the District of Alaska, his only recourse now is to appeal the detention order to Judge Chutkan.

Similarly inapposite is *U.S. v. Savader*, 944 F.Supp.2d 209 (E.D.N.Y. 2013). This case did not address the question of whether a defendant is entitled to a second detention hearing before a magistrate judge in the charging district. Instead, the case merely held that a defendant is entitled to a detention hearing in the district of his arrest. *Id.* at 213. And while Defendant accurately cites *U.S. v. Godines-Lupian,* 816 F.Supp. 2d 126 (D.P.R. 2011) for the proposition that it is the charging district that has the authority to review a magistrate judge's detention order, the case involved a district judge, not a magistrate judge, reviewed the order of a magistrate judge in the arresting district. *See id.* at 127.

Defendant also relies on a case in which defense counsel was personally involved, in which a magistrate judge in the Eastern District of Pennsylvania apparently held a detention hearing after a magistrate in the District of Massachusetts had already been detained (DE 10, at 4). But there is no indication that any of the parties to that case raised the issue of whether a second detention hearing before a magistrate judge in the charging district was appropriate under the Bail Reform

6

Act.  Moreover, these events occurred during the early months of the COVID-19 pandemic, a time

of significant uncertainty.  In any event, Defendant cites no examples of a magistrate judge in the

District of Columbia holding a second detention hearing, and the Defendant's anecdotal reference

is insufficient to warrant this Court ignoring the requirements of the Bail Reform Act.

### <u>Conclusion</u>

For the above reasons, the Government submits that Defendant is not entitled to a second

detention hearing before a magistrate judge.  The instant motion should be denied.


Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:      /s/ *Robert Juman*
         Robert Juman
         Assistant United States Attorney
         Bar No. NJ 033201993
         United States Attorney's Office, Detailee
         555 Fourth Street, N.W.
         Washington, DC 20530
         Phone: (786) 514-9990
         E-mail: Robert.juman@usdoj.gov


Date:  December 21, 2021

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading was served on all counsel of record via the Court's electronic filing service.

*/s/   Robert Juman*
Robert Juman
Assistant United States Attorney

Date:  December 21, 2021