UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTIAN MATTHEW MANLEY,<br><br>Defendant. | No. 21-cr-691-TSC-ZMF |

## MEMORANDUM OPINION

Under the Bail Reform Act, 18 U.S.C. §§ 3141–56, defendants are entitled to a detention hearing "immediately upon the person's first appearance before the judicial officer unless . . . a continuance [is requested]." 18 U.S.C. § 3142(f)(2)(B). At detention hearings, judges determine whether to detain defendants pre-trial or "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community[.]" *Id.* § 3142(f). "There is no indication that Congress, in specifying that a detention hearing shall occur, absent continuances, upon the defendant's 'first appearance' before a judicial officer, considered the context of an arrest in a district other than the district of prosecution." *United States v. Melendez-Carrion*, 790 F.2d 984, 990 (2d Cir. 1986). Yet that was what happened here. Defendant Christian Matthew Manley ("Mr. Manley") requested a detention hearing in the charging jurisdiction—the U.S. District Court for the District of Columbia—after already having a detention hearing in the arresting jurisdiction—the U.S. District Court for the District of Alaska. *See* Def.'s Mot. for Detention Hr'g ("Def.'s Mot.") 1, ECF No. 11.

His request raises the issue of whether a defendant is entitled to a second detention hearing before a magistrate judge in the charging jurisdiction (*i.e.*, this Court) when he was *previously* afforded a detention hearing before a magistrate judge in the arresting jurisdiction. For the reasons

1

set forth below, the Court denied his request because defendants are not entitled to "three bites at the apple." *United States v. Cannon*, 711 F. Supp. 2d 602, 607 (E.D. Va. 2010).

**I.   BACKGROUND**

On October 15, 2021, a magistrate judge in the District of Columbia issued a criminal complaint and an arrest warrant charging Mr. Manley with the following offenses:

1. 18 U.S.C. § 111(a)(1) and (b), Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury;

2. 18 U.S.C. § 231, Civil Disorder;

3. 18 U.S.C. § 1752(a)(1) and (b)(1)(A), Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon;

4. 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds;

5. 18 U.S.C. § 1752(a)(4), Engaging in Physical Violence in a Restricted Building or Grounds;

6. 40 U.S.C. § 5104(e)(2)(D), Disorderly Conduct in a Capitol Building; and

7. 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating, or Picketing in a Capitol Building.

*See* Compl. 1, ECF No. 1. All charges stemmed from Mr. Manley's alleged actions at the U.S. Capitol on January 6, 2021. *See id.* at 2–8. On October 15, 2021, federal law enforcement arrested Mr. Manley in Alaska. *See* Arrest Warrant 1, ECF No. 5. On October 21, 2021, Mr. Manley appeared for a detention hearing before U.S. Magistrate Judge Matthew M. Scoble of the District of Alaska. *See* Min. Entry, *United States v. Manley*, No. 21-mj-533 (D. Alaska Oct. 21, 2021), ECF No. 15. Magistrate Judge Scoble ordered Mr. Manley detained pending trial. *See id.*

On November 19, 2021, a grand jury in the District of Columbia returned an eight-count indictment against Mr. Manley. *See* Indictment, ECF No. 6. On December 21, 2021, Mr. Manley

moved for a new detention hearing in the District of Columbia. *See* Def.'s Mot. That same day, the government filed a memorandum in opposition. *See* Pl.'s Mem. Opp'n, ECF No. 12. On December 23, 2021, the Court denied Mr. Manley's motion. *See* Min. Entry, (Dec. 23, 2021). This Memorandum Opinion outlines the reasoning for that decision.

**II.     DISCUSSION**

"The United States argues, and the Court agrees, that [the] resolution of this issue is governed by the Bail Reform Act." *Cannon*, 711 F. Supp. 2d at 606; *see* Pl.'s Mem. Opp'n at 2–3. The Bail Reform Act "provides two mechanisms for challenging a detention order prior to review by a court of appeals[.]" *United States v. Patterson*, No. 13-cv-137, 2013 WL 5375438, at *1 (E.D. La. Sept. 24, 2013).

    **A.**     Challenging a Detention Order Under § 3142(f)

First, after a judge issues a detention order,

> [t]he [detention] hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). "By its terms, this section provides for the reconsideration of a detention order only by the *same* judicial officer that conducted the original detention hearing, and only when there is new evidence that is material to the decision of whether detention is appropriate." *Cannon*, 711 F. Supp. 2d at 606 (emphasis added); *see also United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) (holding that "review of a detention or release order" under § 3142(f) may only be "conducted by the same judicial officer who entered the order"). Mr. Manley's "motion does not fall within the purview of § 3142(f) because . . . [the Court is] not aware of any new evidence bearing on the issue of detention." *Cannon*, 711 F. Supp. 2d at 606; *see* Def.'s Mot.

at 2–5. Moreover, the consideration of any new evidence would fall to Magistrate Judge Scoble on the District of Alaska, not "a judge of this Court." *Cannon*, 711 F. Supp. 2d at 606.

### B. Challenging a Detention Order Under § 3145(b)

Second, after a magistrate judge issues a detention order, "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The majority of circuits have concluded that "original jurisdiction over the offense" means the charging jurisdiction only. *See, e.g.*, *United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006); *Cisneros*, 328 F.3d at 615; *United States v. El Edwy*, 272 F.3d 149, 154 (2d Cir. 2001); *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995). *But see United States v. Johnson*, No. 96-cv-4173, 1996 WL 711592, at *4 (6th Cir. Dec. 10, 1996) (unpublished order).

Here, the District of Columbia "is 'the court having original jurisdiction over the offense' because this is where the indictment was returned and where the prosecution is pending." *Cannon*, 711 F. Supp. 2d at 606 (quoting 18 U.S.C. § 3145(b)); *see* Indictment, ECF No. 6. As such, Mr. Manley "can seek revocation or amendment of [Magistrate Judge Scoble's] detention order [before a district judge][1] in this Court pursuant to [§] 3145(b)." *Cannon*, 711 F. Supp. 2d at 606–607. But "a magistrate judge in [the charging jurisdiction], may [not] review the release order of a magistrate judge in the arresting [jurisdiction]." *United States v. Hassanshahi*, 989 F. Supp. 2d 110, 113 (D.D.C. 2013) (citing favorably the Tenth Circuit's holding in *Cisneros*); *see Cannon*, 711 F. Supp. 2d at 607. In other words, defendants receive "two bites at the apple" in district court[2]—one hearing

---

[1] In the U.S. District Court for the District of Columbia, detention order appeals go to the district judge assigned to the criminal case. *See* LCrR 58(e) (conforming with Fed. R. Crim. P. 58(g)(2)). If a district judge is not yet assigned, then "[r]equests for review of [a detention] order by a magistrate judge. . . are . . . made to the Chief Judge[.]" LCrR 59.3.

[2] Once a district court judge rules on pretrial detention, the normal appeals process ensues. Parties may seek review of a pretrial detention decision by first appealing to a U.S. Court of Appeals, and

on pretrial detention before a magistrate judge in either the arresting or charging jurisdiction, and one detention hearing before a district court judge in the charging jurisdiction. *Cannon*, 711 F. Supp. 607–608.

### C. Mr. Manley's Arguments are Unpersuasive

Mr. Manley argues that the Bail Reform Act provides broad discretion to judges in the charging jurisdiction. *See* Def.'s Mot. at 4. Specifically, Mr. Manley asserts that a judge in the charging jurisdiction has the authority to make a new bail determination, notwithstanding the decision made in the arresting jurisdiction. *See id.* To support this contention, Mr. Manley relies on weak conclusions[3] from non-binding caselaw. *See id.* at 2–4. But the law is clear: "Congress did not intend to cloak magistrate judges with the authority to review the detention or release orders of other judges." *Patterson*, 2013 WL 5375438, at *3. If Congress meant "to give a defendant who is arrested in one district on charges pending in another district an extra 'bite at the apple,' the Bail Reform Act would provide as much." *Cannon*, 711 F. Supp. 2d at 608.

Mr. Manley further argues that his request for a detention hearing in the District of Columbia is not an extra bite at the apple because the District of Alaska only held a "pre-removal

---

then to the Supreme Court. *See, e.g.*, *United States v. Munchel*, 991 F.3d 1273, 1275 (D.C. Cir. 2021) (considering an appeal of a pretrial detention order after a magistrate judge and a district court judge held detention hearings).

[3] For example, Mr. Manley favorably quotes *United States v. Savader*, in which the Court stated that "[c]ase law unambiguously provides that greater *deference* must be given to detention determinations in the charging district, and, conversely, far less weight should be accorded to determinations rendered in the district of arrest." 944 F. Supp. 2d 209, 213 (E.D.N.Y. 2013) (emphasis added). Respectfully, the Court does not find this line of reasoning persuasive because the *Savader* Court cites only one case in support of this proposition: *United States v. El Edwy*. *See* Def.'s Mot. at 4. Notably, *El Edwy* does not stand for the proposition that courts should defer to detention determinations from other jurisdictions; rather, the Second Circuit held that the magistrate judge in the charging jurisdiction *cannot review* the detention determination of a magistrate judge in the arresting jurisdiction. *See* 272 F.3d at 154.

hearing," as opposed to a full detention hearing. Def.'s Mot. at 2. Yet this argument is unavailing. "[T]he function of . . . a pre-removal hearing is 'to determine whether the arrestee shall be released to bail or summons pending his return to the district where the charge originated.'" *United States v. Altamirano-Nunez*, No. 7-cr-100, 2007 WL 2783161, at *1 (D.R.I. Sept. 21, 2007) (quoting *United States v. Gonzalez*, 852 F.2d 1214, 1215 n.1 (9th Cir. 1988)). In contrast, the function of a detention hearing is to determine whether the arrestee should be detained pending trial. *See United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Here, Magistrate Judge Scoble ordered Mr. Manley "detained pending *trial*," not pending his removal to the District of Columbia. Order of Detention at 2, *United States v. Manley*, No. 21-mj-533 (D. Alaska Oct. 21, 2021), ECF No. 18 (emphasis added). The District of Alaska docket corroborates this conclusion.[4] *See* Min. Entry, *United States v. Manley*, No. 21-mj-533 (D. Alaska Oct. 21, 2021), ECF No. 15; Order of Detention, *United States v. Manley*, No. 21-mj-533 (D. Alaska Oct. 21, 2021), ECF No. 18.

## III. CONCLUSION

Because the Bail Reform Act does not allow for a magistrate judge in the charging jurisdiction to take an appeal from a magistrate judge's detention decision in the arresting jurisdiction, Mr. Manley was not entitled to a detention hearing before the undersigned. Accordingly, this Court DENIED Mr. Manley's motion and directed him to take his appeal up with the assigned district judge.

Date: March 1, 2023

                                                                                                                      ZIA M. FARUQUI
                                                                                                                      UNITED STATES MAGISTRATE JUDGE

---

[4] Had Magistrate Judge Scoble ordered detention pending removal, Mr. Manley would have been entitled to a hearing on pretrial detention before a magistrate judge "in the district of prosecution [(*i.e.*, this Court)] after removal [occurred]." *Melendez-Carrion*, 790 F.2d at 990.